**LAMPUS v. CROZIER–STRAUB, Inc., et al.**

**No. 4275.**

Circuit Court of Appeals, Third Circuit.

June 18, 1930.

Archworth Martin, of Pittsburgh, Pa., for appellant.

Charles M. Clarke, of Pittsburgh, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the defendant was charged with infringement of patent No. 1,212,840, granted to Straub for a building block and making the same. The validity of that patent was adjudged by this court in Straub v. Campbell, 259 F. 570, and again in Crozier-Straub, Inc., v. Graham, 28 F.(2d) 321, and reference to the opinions in such cases obviates present restatement.

In the present case the defendant sought to escape infringement in the manufacture of his blocks by adding slag to the ingredients of the Straub patent, but the proofs show that the slag added was of such minor consequence and inconsequential effect, that his blocks in character and function were substantially Straub blocks. In that regard, the court below found, and we agree with its finding: "From the evidence in the case, we find that the commercial block manufactured by the defendant has all the characteristics of the Straub block, and in the manufacture and sale of its usual commercial product the defendant has been infringing this patent."

We have considered the question of infringement as well as the other questions raised, and, finding no error in the decree below, it is affirmed. In that connection we deem it a timely occasion to call attention to the fact that, notwithstanding the fact that the validity of this highly meritorious patent was sustained some eleven years ago, continuous infringements made it necessary for this court to again restate our convictions of its worth, and another series of infringements necessitated our again doing so in a case at the present term. The multiplicity of cases involving infringements in this and other circuits, the palpably frivolous character of many of these infringements, the fact that the patent has but three years left to run, and that rivals in business cannot await the end of the patent, but are led to harass its concluding years, unite to lead us to sound a note of warning that Rev. St. § 4919 (35 USCA § 67) provides that, in a proper case, courts are not powerless to impose additional penalties "according to the circumstances of the case."